29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Duboise CARTER, Plaintiff-Appellant,
v.
CITY OF NATIONAL CITY; Michael King, Officer, National City
Police Department; Does 1 Through X, inclusive,
Defendants-Appellees.
 No. 93-55182.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided June 22, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Carter appeals from the jury verdict in favor of the City of National City in his 42 U.S.C. Sec. 1983 suit alleging the use of excessive force in effecting an arrest. We affirm.
 
 
 3
 * Carter argues that the district court abused its discretion by instructing the jury on self-defense and negligence because these instructions required the jury to evaluate King's actions from a subjective rather than objective perspective, contrary to Graham v. Connor, 490 U.S. 386 (1989).
 
 
 4
 This claim has no merit. Neither instruction required the jury to determine what King thought, rather than to decide how a reasonable officer in his situation would have viewed the scene. When considered in the context of the other instructions, Thorsted v. Kelly, 858 F.2d 571, 573 (9th Cir.1988), the challenged instructions inform the jury that it must determine if King acted as a reasonable officer under the circumstances.
 
 II
 
 5
 Carter argues that the district court erred in granting King qualified immunity. After the judge decided that King had qualified immunity, Carter's action against the city went to the jury with the court submitting the question, "Did Michael King violate plaintiff Michael Carter's civil rights by shooting him?" The jury answered "No" and found the city not liable. In answering this question and reaching its verdict, the jury must have made factual findings which would require the district court to grant King qualified immunity. See Sloman v. Tadlock, 1994 WL 124618 at * 4-5 (9th Cir. April 14, 1994) ("[T]he factual findings the jury must have made in imposing liability on [the officer] would require the district court to deny him qualified immunity in any event."). Therefore, the jury's verdict renders Carter's argument moot.
 
 III
 
 6
 Finally, Carter claims that there is a missing transcript of a recorded statement by King, which was transcribed by the police department. There is no evidence that this transcript ever existed, so we reject Carter's request for the transcript.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3